IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY ALLEN HALL,
    Plaintiff,

vs.                                   Case No.:  5:13cv87/RS/EMT

CHRISTOPHER HONNEN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Plaintiff's motion to dismiss the instant civil rights case, filed pursuant to 42 U.S.C. § 1983 (doc. 46).

    Rule 41 of the Federal Rules of Civil Procedure provides, in relevant part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  The Eleventh Circuit has explained that

> [t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).  "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." Id. at 856–57.  "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967).  In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (modifications added).

Here, none of the Defendants have pleaded a counterclaim; therefore, there appears no basis for Defendants to object to dismissal.  Upon weighing the relevant equities, the undersigned concludes that dismissal of this action is appropriate, without conditions and with each party bearing its own costs.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion to dismiss (doc. 46) be **GRANTED** and this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 12th day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**